J-S47003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL FREEMAN MOYER | : | |
| | : | |
| Appellant | : | No. 75 MDA 2019 |

Appeal from the PCRA Order Entered December 20, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0002061-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL FREEMAN MOYER | : | |
| | : | |
| Appellant | : | No. 76 MDA 2019 |

Appeal from the PCRA Order Entered December 20, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001050-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL FREEMAN MOYER, JR. | : | |
| | : | |
| Appellant | : | No. 77 MDA 2019 |

Appeal from the PCRA Order Entered December 20, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001387-2014

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 03, 2019**

Appellant, Carl Moyer, Jr., appeals *pro se* from the Order dismissing his first Petition filed pursuant to the Post Collateral Review Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 10, 2015, Appellant pled guilty to three counts of DUI – Highest Rate of Alcohol[1] in connection with three separate incidents that occurred between March 15, 2014, and August 30, 2014.  After reviewing a pre-sentence report and other documents,[2] the court imposed an aggregate sentence of 15 years of Intermediate Punishment with the first 17 months to be served at the county work release facility.  However, after sentencing, the court overheard Appellant speaking with his significant other and with his probation officer in the hall outside the courtroom, and realized that the information provided by Appellant at the sentencing hearing regarding his efforts toward sobriety may not have been accurate.  The court *sua sponte* immediately directed the parties to return to the courtroom, re-opened the record, vacated the original sentence, and took additional testimony from Appellant and his significant other.

_____

[1] 75 Pa.C.S. § 3802(c).

[2] The parties stipulated that Appellant's prior record score is RFEL ("repeat felony offender") and his offense gravity score is five.  ***Commonwealth v. Moyer***, No. 2064 MDA 2016 (Pa. Super. filed Nov. 15, 2017) (unpublished memorandum).

The court then sentenced Appellant to an aggregate sentence of six to fifteen years' incarceration in state prison. In its written sentencing order, the court noted that "because it is apparent . . . that the defendant continues to drink and has not accepted responsibility for his extremely dangerous conduct, and has, in fact, made misrepresentations to the [c]ourt regarding his steps at recovery[,] . . . the [c]ourt is of the opinion that a sentence of state prison is warranted." Order, dated 3/10/15, at 1. Appellant did not file a post-sentence motion or a direct appeal.

After Appellant successfully petitioned for the reinstatement of his appeal rights, he timely appealed to challenge the discretionary aspects of his sentence. This Court affirmed Appellant's Judgment of Sentence in an unpublished Memorandum. *Commonwealth v. Moyer*, No. 2064 MDA 2016 (Pa. Super. filed Nov. 15, 2017).

Appellant timely filed the instant PCRA Petition raising challenges to the sentencing proceedings and the effectiveness of trial counsel's stewardship. The court appointed counsel, who filed a *Turner*/*Finley*[3] no merit letter and a Motion to Withdraw as Counsel.

Pursuant to Pa.R.Crim.P. 907, the court notified Appellant of its intent to dismiss his Petition without a hearing and granted counsel's Motion to Withdraw. *See* Opinion and Order, filed Oct. 16, 2018. Appellant responded

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

to the Rule 907 Notice, again raising ineffective assistance of trial counsel as well as PCRA counsel. The court dismissed his Petition.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in his Brief:

1. Did the trial court abuse its discretion in engaging in *ex parte* communications with the prosecution and an *ex-post-fact*[4] witness for the purpose of sentencing?

2. Did the trial court abuse its discretion in resentencing the defendant without allowing defendant to withdraw his prior plea of guilt?

3. Did the prosecution engage in misconduct in presenting *ex parte* and *ex-post-facto* evidence to the trial court in order to ambush and violate due process?

4. Was trial counsel ineffective in failing to move for immediate withdrawal of the defendant's guilty plea based upon the above errors?

5. Did the cumulative effect of these violations violate the defendant's fundamental fairness and due process rights?

Appellant's Br. at 1.[5]

_____

[4] Appellant clarified in his Response to the court's Rule 907 Notice that he was using the term "*ex post facto*" to mean "after the fact" of the sentencing, essentially asserting that the court should not have taken further testimonial evidence after imposing its original sentence. **See** Response to Rule 907, filed 11/2/18, at 2.

[5] Although raised in his Response to the court's Rule 907 Notice, Appellant has not raised his claim of PCRA counsel's ineffectiveness in his Brief. The claim is, therefore, waived.

**Standard and Scope of Review**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

This Court has long recognized that there is no absolute right to an evidentiary hearing. *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or [in] other evidence." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

**Issues 1-3 Waived**

To be eligible for relief under the PCRA, a petitioner must demonstrate that the issue has not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). "An allegation is deemed waived 'if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state postconviction proceeding." *Commonwealth v. Brown*, 872 A.2d 1139, 1144 (Pa. 2005) (quoting 42 Pa.C.S. § 9544(b)). "We further note that, pursuant to *Commonwealth v. Albrecht*, 720 A.2d 693 (Pa. 1998), the relaxed waiver rule is no longer applicable to PCRA appeals and therefore any claims that have been waived by Appellant are beyond the power of this Court to review under the terms of the PCRA." *Brown*, 872 A.2d at 1144.

In his first and third issues, Appellant challenges his resentencing proceeding, asserting that the court abused its discretion in considering inadmissible evidence. He also raises a discretionary aspect of sentencing claim, contending that the court "ignored each and every mitigating factor it considered in the original sentencing proceeding" to impose a term of incarceration to be served in state prison. Appellant's Brief at 14. Finally, Appellant asserts the prosecutor improperly presented "*ex parte* and *ex-post-facto* evidence to the court" to "ambush and violate due process." *Id*. at 12. In support, he posits that the prosecutor went to the trial court after Appellant's significant other "began to rant concerning a single indiscretion concerning [Appellant's] sobriety" to "back-door[] this information to the trial

judge outside the proceedings and inflamed the judge to re-open the case." *Id*. at 13.

As noted above, this Court previously addressed Appellant's challenge to the discretionary aspects of his sentence on direct appeal and, therefore, it is not now cognizable. 42 Pa.C.S. §§ 9543(a)(3) and 9544(a)(2); **Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011). In addition, Appellant should have raised his challenges to the resentencing proceeding itself on direct appeal. He did not. These issues are, therefore, waived. 42 Pa.C.S. § 9544(b).

In his second issue, Appellant alleges that the trial court abused its discretion in resentencing him without allowing him the opportunity to withdraw his guilty plea. Appellant's Br. at 11. Appellant did not raise this issue in his PCRA Petition and it is, thus, waived. **See** Pa.R.A.P. 302(a) (issues not raised in trial court are waived). **See also** 42 Pa.C.S.A. § 9544(b); **Commonwealth v. Rainey**, 928 A.2d 215, 226 (Pa. 2007) (concluding that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal).[6]

---

[6] Even if he had raised it in his PCRA Petition, we would conclude it is waived because he should have raised this issue on direct appeal. 42 Pa.C.S. § 9544(b).

- 7 -

**Issue 4 – Ineffective Assistance of Trial Counsel**

Appellant challenges the effectiveness of trial counsel's assistance by contending that, after the court resentenced him, defense counsel should have moved for the immediate withdrawal of Appellant's guilty plea because he received an excessive sentence. Appellant's Br. at 14-16. No relief is due.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003) (citation omitted). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

In order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice that resulted in a "manifest injustice." *Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019) (citation omitted). "A defendant meets this burden only if he can demonstrate

that his guilty plea was entered involuntarily, unknowingly, or unintelligently." *Id*. (citation omitted).

A request to withdraw a guilty plea after sentencing is subject to higher scrutiny because "courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa. Super. 2002).

Here, Appellant has not asserted that he entered his guilty plea involuntarily, unknowingly, or unintelligently. Rather, his claim that counsel should have asked to withdraw his guilty plea after re-sentencing is because he is unhappy with his state prison sentence. Based on the above case law, trial counsel would have no cognizable basis to request the withdrawal of the guilty plea. Accordingly, because the underlying issue has no merit, this ineffectiveness claim warrants no relief.

## Issue 5 – Cumulative Effect of "Errors"

Appellant next contends that the cumulative effect of the errors asserted above resulted in the denial of his right to due process and the fundamental fairness of the proceedings. Appellant's Br. at 16-17. As explained above, Appellant waived issues 1 through 3 and issue 4 has no merit. Accordingly, there is no error for us to consider as accumulating into prejudice and there is no basis to grant relief on this issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/03/2019</u>